Filing # 73260756 E-Filed 06/07/2018 04:47:13 PM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL ACTION

KAREN YOUNG,
and ROBERT YOUNG,

    Plaintiffs,

v.                                            Case No. 18-CA-_____

MEDTRONIC, INC.,                      2:18-CV-459-FtM-99CM

    Defendant.

_____/

## COMPLAINT

Plaintiffs, KAREN YOUNG and ROBERT YOUNG (hereinafter "Mrs. Young and Mr. Young," respectively) by and through their undersigned counsel, and in accordance with the Florida Rules of Civil Procedure, file this Complaint against Defendant, MEDTRONIC, INC., (hereinafter "Defendant") and state as follows:

### JURISDICTION AND VENUE

1.    This is a cause of action for damages in excess of $15,000.00, exclusive of interest and costs.

2.    Venue is proper in Collier County, Florida, because the causes of action alleged herein accrued in Collier County, Florida, and Defendant conducts business in Collier County, Florida.

### PARTIES

3.    Plaintiff, KAREN YOUNG, is an adult individual, *sui juris*, who resides in Collier County, Florida.

4.    Plaintiff, ROBERT YOUNG, is an adult individual, *sui juris*, who resides in Collier County, Florida.

5.    Defendant, MEDTRONIC, INC., is a Minnesota corporation that conducts business in Collier County, Florida.

FILED: COLLIER COUNTY, DWIGHT E. BROCK, CLERK, 06/08/2018 03:55:03 PM

## GENERAL ALLEGATIONS

6. On November 26, 2017, Mrs. Young underwent a thrombectomy to treat a right posterior cerebral artery occlusion and a large penumbra with a small core infarct on Mrs. Young's brain. The procedure was performed by Dr. Paul Richard at NCH North Naples Hospital, 11190 Health Park Blvd., Naples, FL 34110.

7. After conducting the primary procedure and during removal of the catheter from the artery, the tip of the defective marksman catheter broke off and embolized into Mrs. Young's distal left posterior inferior cerebellar artery.

8. Dr. Richard was unsuccessful in removing the defective marksman catheter tip.

9. As a direct result of the defective marksman catheter tip, Mrs. Young suffered a second stroke and has since lost her sense of balance.

10. Mrs. Young is now in danger of having the tip relocate to an even more sensitive portion of her brain.

11. Mrs. Young has required subsequent trips to the hospital, had a significantly longer hospital stay, and has suffered significant mental anguish and worry given the nature of the problem created by the defective marksman catheter.

12. Defendant is a global healthcare company that designs, manufactures, and/or sells medical equipment.

13. Defendant and/or its predecessor designed, manufactured, and/or sold the defective marksman catheter tip that broke and embolized into Mrs. Young's brain.

14. All conditions precedent to the bringing of this action have occurred or been waived.

## COUNT I – STRICT LIABILITY FOR DESIGN, MANUFACTURE AND MARKETING OF A DEFECTIVE PRODUCT

15. Mrs. Young incorporates paragraphs 1 through 14, above, as if set forth herein in full.

16. Defendant and/or its predecessor designed, manufactured, assembled, marketed, distributed, and/or sold and placed in the stream of commerce the defective marksman catheters, which were unsafe at the time they left the control of Defendant.

17. Defendant had superior knowledge of the defective marksman catheter. Defendant held itself out to the medical community as having superior knowledge of the alleged safety and efficacy of the marksman catheter. Defendant had a superior opportunity to inspect the marksman catheter before it was placed into Mrs. Young's artery.

18. The marksman catheter placed into Mrs. Young's artery was defective when it left the control of Defendant and continued in this state unchanged until and after it was placed into Mrs. Young's artery.

19. Economically and technologically feasible design alternatives were available to Defendant at the time that the subject devices left the control of Defendant. Nevertheless, Defendant knowingly and intentionally failed to incorporate any such safer alternative designs into the marksman catheters.

20. Because of such defects in design, manufacture, and/or marketing as described in this Complaint, the marksman catheter possessed risks of harm that would not have been contemplated or understood by the ordinary consumer. The risks to patients catheterized with these marksman catheters that are associated with the defective design chosen by Defendant greatly outweighed the utility of the products as designed.

21. As a direct and proximate consequence of Defendant's design, manufacture, assembly, distribution, and/or sale of the subject medical devices, Mrs. Young incurred significant medical expenses and bills, endured physical damages, and suffered significant mental anguish and worry, as further described in this Complaint.

WHEREFORE, Plaintiff, KAREN YOUNG, demands judgment in her favor and against Defendant MEDTRONIC, INC. for all damages, costs and interest, together with all such other and further relief as the Court deems just and proper.

## COUNT II – NEGLIGENCE
### (Mrs. Young v. Defendant)

22. Mrs. Young incorporates paragraphs 1 through 14, above, as if set forth herein in full.

23. Defendant owed to Mrs. Young and to Mrs. Young's treating physicians a duty to exercise ordinary and reasonable care in the design, testing, manufacture, assembly, and marketing of its products.

24. Defendant breached this duty of care.

25. Defendant also had a duty to use reasonable care to design, manufacture, assemble, test, inspect, market, and distribute the marksman catheter.

26. Defendant breached this duty by negligently and/or wantonly failing to use reasonable care and by negligently and/or wantonly designing, manufacturing, assembling, marketing, and distributing its defective marksman catheter. Defendant further beached this duty by negligently and/or wantonly failing to adequately, completely, and properly test and inspect the marksman catheter.

27. Furthermore, Defendant knew or should have known of the defective condition of the marksman catheter, and had a duty to warn Mrs. Young, the treating physician, and the FDA of such defects and dangers. Defendant breached this duty by failing to give adequate, complete, and proper warnings concerning the marksman catheter.

28. As a direct and proximate consequence of Defendant's negligence and/or wantonness, Mrs. Young incurred medical expenses and bills, endured physical damages, and suffered significant mental anguish and worry, as further described in this complaint.

WHEREFORE, Plaintiff KAREN YOUNG demands judgment in her favor and against Defendant MEDTRONIC, INC. for all damages, costs and interest, together with all such other and further relief as the Court deems just and proper.

## COUNT III – BREACH OF IMPLIED WARRANTIES
### (Mrs. Young v. Defendant)

29. Mrs. Young incorporates paragraphs 1 through 14, above, as if set forth in full herein.

30. Defendant sold and placed in the stream of commerce the marksman catheters. The marksman catheters are manufactured medical devices that meet the definition of "goods" as defined by Florida's Uniform Commercial Code.

31. Defendant, by selling and marketing "goods," created implied warranties including the implied warranty of merchantability and implied warranty of fitness for particular purpose arising under Section 672.314 and Section 672.314, Florida Statutes.

32. In purchasing the marksman catheter, Mrs. Young and her treating physician relied on Defendant's implied warranties. Mrs. Young and her treating physician relied on Defendant's skill and judgment in selecting and furnishing materials and goods suitable for use in her body.

33. Defendant breached such implied warranties, as the marksman catheter was defective and not of merchantable quality and was not fit for the ordinary, intended, and foreseeable uses of such product.

34. Mrs. Young provided notice of the breach of implied warranties to Defendant, pursuant to Section 672.607(3)(a), Florida Statutes.

35. As a direct and proximate consequence of Defendant's breach of implied warranties, Mrs. Young incurred damages, medical expenses and bills, endured physical damages, and suffered significant mental anguish and worry as the result of the defective marksman catheter as described in this complaint.

WHEREFORE, Plaintiff KAREN YOUNG demands judgment in her favor and against Defendant MEDTRONIC, INC. for all actual damages, consequential damages pursuant to

Section 672.715, Florida Statutes, costs and interest, together with all such other and further relief as the Court deems just and proper.

### COUNT IV – POST-SALE FAILURE TO WARN, TIMELY RECALL, OR RETROFIT
*(Mrs. Young v. Defendant)*

36. Mrs. Young incorporates paragraphs 1 through 14, above, as if set forth in full herein.

37. Before the date of Mrs. Young procedure, Defendant knew or reasonably should have known that the products in question posed a substantial risk of harm to persons in the position of Mrs. Young; that Mrs. Young could reasonably be assumed to be unware of the risk of harm posed by the marksman catheter in question; and that the risk of harm was sufficiently great to justify the burden to Defendant of providing a warning after the time of sale or distribution of the product.

38. Those users of Defendant's products to whom a warning might have been provided could have been easily identified by Defendant and an adequate post-sale warning could have effectively communicated to and acted on by such persons, including Mrs. Young. Nonetheless, Defendant failed to provide any warning of the unreasonably dangerous condition of the marksman catheter under circumstances where a reasonable person would have provided such a warning, given Defendant's detailed special knowledge and understanding of the specific risks and dangers posed by these products.

39. Furthermore, after Defendant became aware of the defective and dangerous nature of its products, even though the risk of harm was sufficiently great, Defendant failed to issue any additional warning or instruction, failed to communicate to its foreseeable users of the products regarding the dangers referenced in this complaint, and failed to timely voluntarily recall or retrofit the marksman catheter.

40. This failure to provide additional warnings, and failure to timely voluntarily recall or retrofit the marksman catheter was negligent and was a proximate cause and/or producing cause of the damages and injuries sustained by Mrs. Young as described in this complaint.

WHEREFORE, Plaintiff KAREN YOUNG demands judgment in her favor and against Defendant MEDTRONIC, INC. for all damages, costs and interest, together with all such other and further relief as the Court deems just and proper.

### COUNT V – LOSS OF CONSORTIUM
*(Mr. Young v. Defendant)*

41. Mr. Young incorporates paragraphs 1 through 14, above, as if set forth in full herein.

42. Mrs. Young and Mr. Young were lawfully married at the time of Mrs. Young's procedure, and they continue to be lawfully married.

43. Mrs. Young was, prior to, and at the time of her procedure, an able-bodied woman, capable of performing her duties as a wife and companion to her husband, Mr. Young.

44. As a direct and proximate consequence of Mrs. Young's mental anguish, and physical injuries and damages, caused by the tortious conduct of Defendant as set forth herein this Complaint, Mr. Young has been deprived of the services, society and consortium of his wife, Mrs. Young.

WHEREFORE, Plaintiff ROBERT YOUNG demands judgment in his favor and against Defendant MEDTRONIC, INC. for all damages, costs and interest, together with all such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs, KAREN AND ROBERT YOUNG, hereby demand a trial by jury on all issues so triable.

Dated this 7th day of June, 2018.

                                               **WOODS, WEIDENMILLER, MICHETTI & RUDNICK, LLP**

                                               By: /s/ Gregory N. Woods
Gregory N. Woods
Florida Bar No. 175500
Christopher R. O'Brien
Florida Bar No. 1003081
9045 Strada Stell Court, Suite 400
Naples, FL 34109
(239) 325-4070 – Telephone
(239) 325-4080 – Facsimile
gwoods@lawfirmnaples.com
cobrien@lawfirmnaples.com
mdipalma@lawfirmnaples.com
service@lawfirmnaples.com
Attorneys for Plaintiffs